IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KHALIL DAVIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-02233-SHM-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## ORDER

Kahlil Davis has written a letter to the Court asking to be resentenced.  (D.E. No. 10.)  The Court construes Davis's letter as a motion for resentencing (the "Motion").  Davis also asks the Court to appoint counsel.  The Motion to resentence and the Motion to appoint counsel are DENIED.

Davis was convicted on two counts of using, carrying, brandishing, and discharging a firearm in violation of 18 U.S.C. § 924(c) and two counts of robbery in violation of 18 U.S.C. § 1951.  Judgment in a Criminal Case, United States v. Kahlil Davis, 2:14-cr-20180-2, D.E. No. 119, p. 1-2 (W.D. Tenn. Feb. 26, 2016).  The Court sentenced Davis to 57 months in prison on his robbery convictions.  (Id. at 3.)  It sentenced him to 120 months on his first violation of § 924(c) and 300 months on his

second, to run consecutively to each other and to his robbery convictions, for a total of 477 months in prison. (Id.)

Davis asks the Court to resentence him because the law has changed. Section 403(a) of the First Step Act of 2018 modified 18 U.S.C. § 924(c)(1)(C) by removing the phrase "second or subsequent conviction under this subsection" and replacing it with the phrase "violation of this subsection that occurs after a prior conviction under this subsection has become final." First Step Act of 2018, PL 115-391, § 403, December 21, 2018, 132 Stat 5194, 5221-5222.

Davis is not entitled to resentencing. Section 403 of the First Step Act applies "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act § 403(b). A defendant cannot benefit from Section 403 when the trial court pronounced a sentence before the Act was enacted. United States v. Gatewood, 807 Fed. Appx. 459, 462 (6th Cir. 2020). A trial court imposes a sentence when the trial court announces it. Id. The First Step Act was enacted on December 21, 2018. The Court sentenced Davis on February 25, 2016. Judgment, Davis, 2:14-cr-20180-2 at 1. The First Step Act's modification of 18 U.S.C. § 924(c)(1)(C) does not apply to Davis's sentence.

Davis seeks appointment of counsel.  The constitutional right to counsel does not extend to motions for post-conviction relief.  See Pennsylvania v Finley, 481 U.S. 551, 555 (1987).  Davis makes no convincing argument that counsel should be appointed, and his substantive motion lacks merit.  Davis is not entitled to the appointment of counsel.

For the foregoing reasons, Davis's Motion is DENIED.  Davis's Motion to appoint counsel is also DENIED.

So ordered this 23rd day of October, 2020.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE